ROBERT A. DOTSON
Nevada State Bar No. 5285
DANIEL T. HAYWARD
Nevada State Bar No. 5986
JUSTIN C. VANCE
Nevada State Bar No. 11306
DOTSON, HAYWARD & VANCE, PC
5355 Reno Corporate Drive, Ste 100
Reno, Nevada 89511
Tel:   (775) 501-9400
Email:  rdotson@dhvnv.com
        dhayward@dhvnv.com
        jvance@dhvnv.com

GIBSON, DUNN & CRUTCHER LLP
THOMAS H. DUPREE JR.
*(Pro Hac Vice to be submitted)*
JACOB T. SPENCER
*(Pro Hac Vice to be submitted)*
 1700 M Street, N.W.
Washington, DC  20036
Tel:   (202) 955-8500
Email  TDupree@gibsondunn.com
        JSpencer@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
ORIN SNYDER
*(Pro Hac Vice to be submitted)*
MATT BENJAMIN
*(Pro Hac Vice to be submitted)*
 200 Park Avenue
New York, NY 10166
Tel:   (212) 351-4000
Email: OSnyder@gibsondunn.com
        MBenjamin@gibsondunn.com

Attorneys for Defendants BLOCKRATIZE INC. d/b/a POLYMARKET; QCX LLC d/b/a POLYMARKET US; ADVENTURE ONE QSS, INC. d/b/a POLYMARKET

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD,<br><br>              Plaintiff,<br><br>       v.<br><br>BLOCKRATIZE INC. d/b/a Polymarket; QCX LLC d/b/a Polymarket US; ADVENTURE ONE QSS INC. d/b/a Polymarket,<br><br>              Defendants. | CASE NO. 3:26-cv-00089<br><br>[Nev. Dist. Ct. No. 26OC000121B]<br><br>NOTICE OF SUPPLEMENTAL AUTHORITY |

1

# NOTICE OF SUPPLEMENTAL AUTHORITY

Polymarket US respectfully submits this Notice of Supplemental Authority to notify the Court of today's filing by the Commodity Futures Trading Commission ("CFTC") in *N. Am. Derivatives Exchange, Inc. v. State of Nevada*, No. 25-7187 (9th Cir. Feb. 5, 2026), ECF 30.1, attached as Exhibit A. The CFTC's filing is a significant development confirming that the federal questions necessarily presented by this case should be resolved in this Court.

1. **Federal interest confirmed.** Polymarket US removed this case to this Court. Shortly before the removal, the CFTC publicly confirmed the federal government's strong interest in the issues presented here. Specifically, the CFTC sought leave to participate in a pending Ninth Circuit appeal in support of another designated contract market to protect and defend its "exclusive jurisdiction" over federally regulated derivatives trading. The CFTC made clear that it "has a substantial interest in presenting its view of the proper interpretation of the scope of its exclusive jurisdiction and the correct application" of the Commodity Exchange Act's ("CEA") "statutory definition of a swap." Ex. A, at 1–2. It therefore sought "to assist the Court in resolving these important questions by filing an amicus curiae brief addressing the CEA's preemption of state laws attempting to regulate trading on CFTC-registered contract markets, the legal question at the core of this dispute." *Id.* at 2. According to the CFTC, these are "question[s] of exceptional importance and on which the CFTC has substantial expertise to offer the Court." *Id.* at 1.

2. **Core legal question is identical.** The Ninth Circuit appeal presents the same controlling legal question as this case: whether states may regulate or license trading on CFTC-registered designated contract markets notwithstanding Congress' grant of exclusive jurisdiction to the CFTC. *See* Ex. A, at 1. The CFTC explained that "resolution of th[at] appeal requires a detailed examination of the CEA, the federal statute that provides the framework for the regulation of commodity futures, options, and swaps markets in the United States" and "whether

2

NOTICE OF REMOVAL TO FEDERAL COURT

Dotson, Hayward
& Vance, PC
5355 Reno Corporate Dr.
Suite #100
Reno, Nevada 89511

financial instruments satisfying the CEA's definition of a 'swap' may also be regulated, or prohibited, under state law." *Id.* The CFTC unequivocally affirmed that Congress vested exclusive federal authority over designated contract markets and their participants in a single federal regulator to ensure nationwide uniformity and prevent fragmented, state-by-state regulation. State laws purporting to regulate or prohibit trading on CFTC-registered markets, according to the CFTC, impermissibly "displace" the federal regulatory framework and conflict with the CEA's express preemption provisions. *Id.* Confirming that the core legal question is identical, the CFTC pointed to *this case* as an example of improper state intrusion on federal authority: "[T]here are numerous enforcement actions and court decisions regarding whether event contracts like those offered by Crypto.com fall within the CFTC's exclusive jurisdiction, and the number of challenges are increasing." *Id.* at 2. In particular, the CFTC noted, "[t]he State of Nevada and its Gaming Control Board recently filed a civil enforcement action against the CFTC-registered contract market Polymarket, *Nevada et al. v. Blockratize, Inc., et al.*, No. 26 OC 0012 1B (Nev. 1st Jud. Dist. 2026)." *Id.* at 3.

   3.  **Implications for federal jurisdiction.** The timing and substance of the CFTC's filing underscore the federal question here. The agency entrusted with exclusive oversight of derivatives markets declared its intent to participate in federal appellate litigation to address whether state enforcement actions targeting CFTC-registered markets are preempted. This confirms that the federal question presented in this case is not ancillary or speculative, but one of exceptional importance. Resolution of this action necessarily requires interpretation of the CEA's jurisdictional provisions, its express preemption clause, and Congress' allocation of regulatory authority to the CFTC. The CFTC's motion thus confirms that federal jurisdiction is not merely proper, but essential to preserve federal supremacy and ensure uniform application of the CEA.

And to the extent any prior judicial decision was based on the assumption that the CFTC did not have a clear position on its authority, its actions and pronouncements have made clear that is not the case.  *See KalshiEX, LLC v. Hendrick*, 2025 WL 3286282, at *4 (D. Nev. Nov. 24, 2025).

DATED this 5th day of February 2026.

        DOTSON, HAYWARD & VANCE, PC

        /s/ Robert A. Dotson
        ROBERT A. DOTSON (NSB No. 5285)
        DANIEL T. HAYWARD (NSB No. 5986)
        JUSTIN C. VANCE (NSB No. 11306)
        5355 Reno Corporate Drive, Ste 100
        Reno, Nevada 89511
        (775) 501-9400

        Orin Snyder*
        Matt Benjamin*
        GIBSON, DUNN & CRUTCHER LLP
        200 Park Avenue
        New York, NY  10166
        212.351.4000
        OSnyder@gibsondunn.com
        MBenjamin@gibsondunn.com

        Thomas H. Dupree Jr.*
        Jacob T. Spencer*
        GIBSON, DUNN & CRUTCHER LLP
        1700 M Street, N.W.
        Washington, D.C.  20036
        202.955.8500
        TDupree@gibsondunn.com
        JSpencer@gibsondunn.com

        *Attorneys for Defendants BLOCKRATIZE INC. d/b/a POLYMARKET; QCX LLC d/b/a POLYMARKET US; ADVENTURE ONE QSS INC. d/b/a POLYMARKET*

        **Pro hac vice* forthcoming

# CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record. I also caused a true and correct copy of the foregoing document to be served upon the following parties by email:

Jessica E. Whelan
John S. Michela
Sabrena K. Clinton
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
jwhelan@ag.nv.gov
jmichela@ag.nv.gov
sclinton@ag.nv.gov

Respectfully submitted,

By: */s/ Robert A. Dotson*