| | |
|---|---|
| Mark A. Hutchison (Nev. Bar No. 4639) | Orin Snyder |
| Joseph C. Reynolds (Nev. Bar No. 8630) | (*pro hac vice*) |
| HUTCHISON & STEFFEN, PLLC | Matthew Benjamin |
| 100 West Liberty Street, Suite 765 | (*pro hac vice*) |
| Reno, Nevada 89501 | GIBSON, DUNN & CRUTCHER LLP |
| mhutchison@hutchlegal.com | 200 Park Avenue |
| jreynolds@hutchlegal.com | New York, New York 10166 |
| (775) 853-8746 | OSnyder@gibsondunn.com |
| (*designated local counsel*) | MBenjamin@gibsondunn.com |
| | (212) 351-4000 |
| Adam P. Laxalt (Nev. Bar No. 12426) | Thomas H. Dupree Jr. |
| COOPER & KIRK, PLLC | (*pro hac vice*) |
| 1523 New Hampshire Avenue NW | Jacob T. Spencer |
| Washington, D.C. 20036 | (*pro hac vice*) |
| alaxalt@cooperkirk.com | Adam I. Steene |
| (202) 220-9600 | (*pro hac vice*) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1700 M Street NW |
| | Washington, D.C. 20036 |
| | TDupree@gibsondunn.com |
| | JSpencer@gibsondunn.com |
| | ASteene@gibsondunn.com |
| | (202) 955-8500 |

Counsel for Defendants BLOCKRATIZE INC. d/b/a Polymarket; QCX LLC d/b/a Polymarket US; and ADVENTURE ONE QSS INC. d/b/a Polymarket

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD, | Case No.: 3:26-cv-00089-MMD-CLB |
| Plaintiffs, | [Nev. Dist. Ct. No. 26OC000121B] |
| v. | DEFENDANTS' EMERGENCY MOTION FOR ADMINISTRATIVE STAY |
| BLOCKRATIZE INC. d/b/a Polymarket; QCX LLC d/b/a Polymarket US; ADVENTURE ONE QSS INC. d/b/a Polymarket, | |
| Defendants. | |

# MOTION FOR ADMINISTRATIVE STAY

Defendants Blockratize Inc. d/b/a Polymarket, QCX LLC d/b/a Polymarket US, and Adventure One QSS Inc. d/b/a Polymarket submit this motion to request a brief administrative stay of the Court's remand order pending the Court's resolution of Defendants' forthcoming motion for a stay pending appeal to the Ninth Circuit.[1]

Today, the Court ordered that this case be remanded to state court, concluding that it lacks jurisdiction under 28 U.S.C. § 1442(a) and 28 U.S.C. § 1331. Because Defendants "removed pursuant to section 1442," Defendants have a statutory right under 28 U.S.C. § 1447(d) to appeal the order, and they intend to exercise that right promptly.

To ensure "that [their] right to appeal will" remain "meaningful," Defendants also intend in the next 24 hours to file a motion with this Court requesting a stay of the Court's remand order pending appeal. *Oracle Int'l Corp. v. Rimini St., Inc.*, 2023 WL 5221947, at *5 (D. Nev. Aug. 15, 2023) (Du, C.J.).

In the meantime, Defendants respectfully request that the Court enter a brief administrative stay. *See Oracle*, 2023 WL 5221947, at *6 (granting such a stay). An administrative stay would allow the Court adequate time to consider the motion and any response. And it would prevent any jurisdictional confusion that might result if the remand order were mailed to state court before resolution of the stay motion. *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1070 (9th Cir. 2021) (directing the district court to "enter an order recalling the remand" and to notify the state court "that the district court has resumed jurisdiction over" improperly remanded action). Even if remaining in federal court could somehow harm Plaintiff—it would not—this Court has previously held that "the marginal delay associated with the time it takes" for a court to resolve a "motion to stay . . . will not cause much additional harm." *Oracle*, 2023 WL 5221947, at *5; *see, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 2015 WL 13711858, at *1 (N.D. Cal. Apr. 7, 2015) (similar). An administrative stay is therefore

---

[1] This motion is not—and should not be construed as—a general appearance or appearance on the merits by Defendants. By filing this motion, Defendants do not waive any defenses, whether in state or federal court, including, without limitation, improper service of process or lack of personal jurisdiction.

1

1  warranted.
2       The Court should administratively stay its remand order pending the Court's resolution
3  of Defendants' forthcoming motion for a stay pending appeal.

DATED: March 2, 2026.

        HUTCHISON & STEFFEN, PLLC

        */s/ Joseph C. Reynolds*

        Mark A. Hutchison (Nev. Bar No. 4639)
        Joseph C. Reynolds (Nev. Bar No. 8630)
        100 West Liberty Street, Suite 765
        Reno, Nevada 89501
        mhutchison@hutchlegal.com
        jreynolds@hutchlegal.com
        (775) 853-8746

        Adam P. Laxalt (Nev. Bar No. 12426)
        COOPER & KIRK, PLLC
        1523 New Hampshire Avenue NW
        Washington, D.C. 20036
        alaxalt@cooperkirk.com
        (202) 220-9600

        Orin Snyder (*pro hac vice*)
        Matt Benjamin (*pro hac vice*)
        GIBSON, DUNN & CRUTCHER LLP
        200 Park Avenue
        New York, New York 10166
        OSnyder@gibsondunn.com
        MBenjamin@gibsondunn.com
        (212) 351-4000

        Thomas H. Dupree Jr. (*pro hac vice*)
        Jacob T. Spencer (*pro hac vice*)
        Adam I. Steene (*pro hac vice*)
        GIBSON, DUNN & CRUTCHER LLP
        1700 M Street NW
        Washington, D.C. 20036
        TDupree@gibsondunn.com
        JSpencer@gibsondunn.com
        ASteene@gibsondunn.com
        (202) 955-8500

        *Counsel for Defendants BLOCKRATIZE INC. d/b/a Polymarket; QCX LLC d/b/a Polymarket US; and ADVENTURE ONE QSS INC. d/b/a Polymarket*

CERTIFICATE OF SERVICE

    I hereby certify that I caused a copy of DEFENDANTS' EMERGENCY MOTION FOR ADMINISTRATIVE STAY to be electronically filed and served on all counsel of record using the Court's CM/ECF system.

    DATED: March 2, 2026.

By: <u>/s/ Madelyn Carnate-Peralta</u><br>An Employee of Hutchison & Steffen, PLLC