| | |
|---|---|
| Mark A. Hutchison (Nev. Bar No. 4639)<br>Joseph C. Reynolds (Nev. Bar No. 8630)<br>HUTCHISON & STEFFEN, PLLC<br>100 West Liberty Street, Suite 765<br>Reno, Nevada 89501<br>mhutchison@hutchlegal.com<br>jreynolds@hutchlegal.com<br>(775) 853-8746<br>(*designated local counsel*) | Jessica E. Whelan (Nev. Bar No. 14781)<br>John S. Michela (Nev. Bar No. 8189)<br>Sabrena K. Clinton (Nev. Bar No. 6499)<br>STATE OF NEVADA<br>OFFICE OF THE ATTORNEY GENERAL<br>1 State of Nevada Way, Suite 100<br>Las Vegas, Nevada 89119<br>jwhelan@ag.nv.gov<br>jmichela@ag.nv.gov<br>sclinton@ag.nv.gov<br>(702) 486-3420 |
| Adam P. Laxalt (Nev. Bar No. 12426)<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue NW<br>Washington, D.C. 20036<br>alaxalt@cooperkirk.com<br>(202) 220-9600 | *Counsel for Plaintiff STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD* |
| Orin Snyder<br>(*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>OSnyder@gibsondunn.com<br>(212) 351-4000 | |
| *Counsel for Defendants BLOCKRATIZE INC. d/b/a POLYMARKET; QCX LLC d/b/a POLYMARKET US; ADVENTURE ONE QSS INC. d/b/a POLYMARKET*<br>(Additional counsel listed on signature block.) | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCKRATIZE INC. d/b/a Polymarket; QCX LLC d/b/a Polymarket US; ADVENTURE ONE QSS INC. d/b/a Polymarket,<br><br>Defendants. | Case No.: 3:26-cv-00089-MMD-CLB<br><br>[Nev. Dist. Ct. No. 26OC000121B]<br><br>STIPULATION AND ORDER MODIFYING BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO STAY PENDING APPEAL<br><br>(FIRST REQUEST) |

Pursuant to Local Rules IA 6-1, IA 6-2, and 7-1, Plaintiff and Defendants, through their respective counsel, submit the following Stipulation and Order Modifying Briefing Schedule on Defendants' Motion to Stay Pending Appeal. This is the first stipulation for a modification of the briefing schedule on Defendants' motion to stay pending appeal.

1. On January 29, 2026, the First Judicial District Court of the State of Nevada granted Plaintiff's Application for an Ex Parte Temporary Restraining Order. The order enjoins Defendants from "operating or offering a market in Nevada that involves 'event-based contracts' without a valid license issued in accordance with Chapter 463 of Nevada Revised Statutes." Dkt. 2-4, at 72. The *ex parte* temporary restraining order is currently set to expire on March 6, 2026. Dkt. 38.

2. On February 5, 2026, Defendants removed this case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a)(1), and 1446.

3. On March 2, 2026, the Court entered an order remanding the case to state court. Dkt. 41. Because the case was "removed pursuant to section 1442," Defendants have the statutory right to appeal the remand order, 28 U.S.C. § 1447(d), and they intend to exercise that right.

4. In the meantime, the Court retains "jurisdiction to review"—and stay—"that order," even if the remand order has been "transmitt[ed] . . . to the state court." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1065 (9th Cir. 2021); *see Perez-Reyes v. Nat'l Distrib. Ctrs., LLC*, 2018 WL 7077183, at *1 (C.D. Cal. Feb. 8, 2018) (collecting cases).

5. On March 2, 2026, Defendants therefore filed an emergency motion for an administrative stay pending the Court's resolution of Defendants' forthcoming motion for a stay pending appeal to the Ninth Circuit. Dkt. 42.

6. Defendants intend to file a motion for stay pending appeal later today, March 3, 2026. On an ordinary briefing schedule, Plaintiff's opposition brief would be due March 17, 2026, with Defendants' reply due March 24, 2026.

7. Plaintiff wishes to have the motion resolved before the expiration of the *ex parte* temporary restraining order, but that would not be possible under the ordinary schedule. And it

would impose an unnecessary burden on the Court to resolve the motion by March 6.

8. So, to ensure that the parties have adequate time to brief—and the Court has adequate time to consider—Defendants' motion for a stay pending appeal, the parties have agreed that good cause exists for a modest abbreviation to the ordinary briefing schedule.

9. Under the agreed abbreviated briefing schedule, the parties stipulate to the following deadlines:

    a. Defendants will file their motion for a stay pending appeal today (March 3, 2026).

    b. Plaintiff will file its opposition to the stay motion on or before March 6, 2026.

    c. Defendants will file any reply in support of the stay motion on or before March 9, 2026.

10. Solely to avoid the burdens associated with an emergency motion and to ensure that this Court—and, if necessary, the Ninth Circuit—have sufficient time to give due consideration to the stay motion, Defendants have consented, pursuant to Fed. R. Civ. P. 65(b)(2), to a further extension of the *ex parte* temporary restraining order, through April 6, 2026.

11. For the same reasons, Plaintiff has consented to an administrative stay of this Court's remand order up to and including April 6.

12. The parties respectfully request that the Court resolve the motion to stay pending appeal by March 12, 2026. If the Court denies the motion, a ruling by March 12 would ensure that the Ninth Circuit has sufficient time to receive briefing and rule on a stay request before the *ex parte* temporary restraining order expires on April 6. *See* 9th Cir. R. 27-3 (Ninth Circuit stay motions usually take a minimum of 21 days from the start of briefing to resolution).

13. Defendants consent to this extension without prejudice to—and while expressly reserving—any defenses and objections, including those based on improper service and personal jurisdiction. Plaintiff agrees not to rely on Defendants' consent to the extension or on this Stipulation as a basis for disputing the validity of Defendants' defenses and objections.

14. Similarly, Plaintiff agrees to the terms of this stipulation without prejudice to—

3

and while expressly reserving—any challenge to the jurisdiction of this Court over the civil enforcement action brought by Plaintiff in state district court.

15.     The parties respectfully request that the Court direct the Clerk of Court not to mail the remand order to state court pending further order of the Court, and no earlier than April 6, 2026.[1]

16.     For all of the aforementioned reasons, the parties stipulate and request the Court issue an alternative briefing schedule for Defendants' motion to stay pending appeal, as set forth herein, and retain or recall the remand order.

IT IS SO ORDERED:

_____

UNITED STATES DISTRICT JUDGE

DATED: _____

---

[1] Alternatively, if the Clerk has already mailed the order, the parties respectfully request that the Court "enter an order recalling the remand and" direct the Clerk to "notify the [state court] that the district court has resumed jurisdiction over the action" for the time being. *Acad. of Country Music*, 991 F.3d at 1065; *see also, e.g.*, *Town of Pine Hill v. 3M Co.*, 2025 WL 994187, at *1 (S.D. Ala. Apr. 2, 2025) (recalling case remanded before defendant could file its "motion to stay the court's remand order pending appeal"); *Bank of Am., N.A. v. El Paso Nat. Gas Co.*, 2017 WL 9478457, at *3 (W.D. Okla. Jan. 12, 2017) (same).

| | |
|---|---|
| HUTCHISON & STEFFEN, PLLC | OFFICE OF THE NEVADA ATTORNEY GENERAL |
| /s/ Joseph C. Reynolds<br>Mark A. Hutchison (Nev. Bar No. 4639)<br>Joseph C. Reynolds (Nev. Bar No. 8630)<br>100 West Liberty Street, Suite 765<br>Reno, Nevada 89501<br>mhutchison@hutchlegal.com<br>jreynolds@hutchlegal.com<br>(775) 853-8746 | /s/ Jessica E. Whelan<br>Jessica E. Whelan (Nev. Bar. No. 14781)<br>John S. Michela (Nev. Bar. No. 8189)<br>Sabrena K. Clinton (Nev. Bar. No. 6499)<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>jwhelan@ag.nv.gov<br>jmichela@ag.nv.gov<br>sclinton@ag.nv.gov<br>(702) 486-3420 |
| Adam P. Laxalt (Nev. Bar No. 12426)<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue NW<br>Washington, D.C. 20036<br>alaxalt@cooperkirk.com<br>(202) 220-9600 | *Counsel for Plaintiff* |
| Orin Snyder (*pro hac vice*)<br>Matt Benjamin (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>OSnyder@gibsondunn.com<br>MBenjamin@gibsondunn.com<br>(212) 351-4000 | |
| Thomas H. Dupree Jr. (*pro hac vice*)<br>Jacob T. Spencer (*pro hac vice*)<br>Adam I. Steene (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street NW<br>Washington, D.C. 20036<br>TDupree@gibsondunn.com<br>JSpencer@gibsondunn.com<br>ASteene@gibsondunn.com<br>(202) 955-8500 | |
| *Counsel for Defendants Blockratize Inc. d/b/a Polymarket; QCX LLC d/b/a Polymarket US; and ADVENTURE ONE QSS INC. d/b/a Polymarket* | |

5009963496.3