UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKRATIZE INC., *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00089-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

This is a state enforcement action brought by Plaintiff State of Nevada ex rel. Nevada Gaming Control Board ("the Board") against Blockratize Inc. d/b/a Polymarket QCX LLC d/b/a Polymarket US and Adventure One QSS Inc. d/b/a Polymarket (collectively, "Polymarket") for alleged violations of Nevada state gaming laws. (ECF No. 1-3.) Polymarket removed to this Court (ECF No. 1) and the Board moved to remand (ECF No. 7). The Court subsequently granted the motion to remand and remanded this case to the First Judicial Court of Nevada, Carson City. (ECF No. 41 ("Remand Order").)[1] Polymarket then filed a motion for stay pending appeal. (ECF No. 46 ("Motion").)[2] The Court granted the parties' request to recall the Remand Order to resume jurisdiction while it considered Polymarket's Motion. (ECF No. 48.) Because the *Nken* factors do not favor granting a stay, the Court will deny the Motion.

---

[1] Polymarket has appealed the Court's Remand Order. (ECF No. 45.)

[2] The Court granted the parties' stipulation and proposed order to administratively stay the execution of the Remand Order up to and including April 6, 2026, and to adopt a shortened briefing schedule. (ECF Nos. 44, 47) The parties further stipulated to extend the state court issued-*ex parte* temporary restraining order to April 6, 2026. (*Id.*) The Board responded (ECF No. 50 ("Response")) and Polymarket replied (ECF No. 52 ("Reply")).

## II. DISCUSSION

Polymarket argues that the Court should stay the Remand Order because (1) Rule 62(a)'s 30-day automatic stay applies to the Remand Order, and (2) the *Nken* factors weigh in favor of granting a stay until the Ninth Circuit decides whether the action was properly removed. (ECF No. 46 at 7.) The Court will address each argument in turn.

### A.  Rule 62(a)

Polymarket initially sought an automatic 30-day stay under Federal Rule of Civil Procedure 62(a). (ECF No. 46 at 7-8.) However, in its Reply, Polymarket clarifies that it no longer requires this relief because the "Court has already granted the relief [Polymarket] sought under Rule 62(a)," referring to the Court's order granting the parties' stipulation to an administrative stay of the Court's Remand Order (ECF No. 47). (ECF No. 52 at 4.) Accordingly, the Court need not address Polymarket's request for an automatic stay under Rule 62(a).[3]

### B.  *Nken* Factors

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant. *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citations omitted). In deciding whether to grant a stay, the Court must consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[3]Though the Court need not consider the parties' arguments as to Rule 62(a), the Court finds that the Rule does not apply. Rule 62(a) provides, in pertinent part, "execution on a judgment . . . [is] stayed for 30 days after its entry, unless the Court rules otherwise." Fed. R. Civ. P. 62(a). But the Court has not entered judgment on the merits of this case. In issuing the Remand Order, the Court narrowly considered the parties' arguments as to the Court's jurisdiction under the federal officer removal statute and federal question jurisdiction. Accordingly, Polymarket may only seek a stay pending appeal under the *Nken* factors.

2

*Id.* at 434. The first two factors are the most critical, and once a stay applicant satisfied these factors, the Court assesses the final two factors, which "merge when the Government is the opposing party." *Id.* at 434-35. Stays pending appeal are discretionary and are an "extraordinary remedy." *See California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768-69 (9th Cir. 2025) (citation modified) *cert. denied sub nom. Express Scripts, Inc. v. California*, 2026 WL 79931 (U.S. Jan. 12, 2026).

Polymarket contends that it has raised serious legal questions that go to the scope of the federal officer removal statute and federal question jurisdiction. (ECF No. 46 at 8-13.) The Board counters that Polymarket is not likely to succeed on appeal, because the Court considered and rejected these grounds for removal. (ECF No. 50 at 8-12.) The Court agrees with the Board. Polymarket repeats the same arguments the Court previously rejected in the Remand Order. (ECF No. 41.) The Court incorporates by reference the pertinent portions of the Remand Order here and rejects Polymarket's arguments that it is likely to prevail on the merits for the reasons discussed therein. This *Nken* factor counsels against granting a stay.

Next, Polymarket asserts that a stay is necessary to prevent irreparable injury, because without a stay they would be "forced to engage in parallel litigation by simultaneously briefing jurisdictional issues in the Ninth Circuit and merits issues in the Nevada state court." (ECF No. 46 at 13.) But litigating in state court is not a harm, let alone an irreparable harm. Indeed, if a defendant were entitled to a stay merely because it would have to litigate in state court and appeal the remand order in the court of appeal at the same time, a defendant challenging remand under the federal officer removal statute would automatically be entitled to a stay pending appeal. The Ninth Circuit recently rejected this argument. *See Express Scripts,* 139 F.4th 763 (finding automatic stay does not apply to appeal district court's order remanding a case removed under the federal officer removal statute and that the discretionary stay factors under *Nken* still govern the court's discretion.)

In their Reply, Polymarket argues that it will suffer irreparable injury because removal rights under Section 1442 are especially important to the federal government, and allowing the case to proceed in state court would risk defeating the purpose of an appeal. (ECF No. 52 at 8-9.) But this too does not cause irreparable harm. As discussed above, Polymarket is unlikely to prevail on the merits on its federal officer removal argument. Moreover, state and federal courts "each provide forums for litigation with roughly similar levels of efficiency, expense, and comprehensive discovery mechanism," and "permitting early state litigation in state court would not preclude a defendant from returning to federal court post-appeal." *Express Scripts,* 139 F.4th at 770, 771. The Court finds that any harm that may result does not rise to the level of irreparable harm that would tip in the balance in favor of a stay.

Having found that the critical two factors in granting a stay have not been satisfied, the Court will turn briefly to the remaining factor. Polymarket claims that the public interest is served by concentrating resources on litigation in the proper forum and that a stay would not harm the Board. (ECF No. 46 at 14-15.) The Board counters that a stay would harm it, pointing to the State's interest in enforcing its statutes and to Chief Judge Gordon's recent analysis of irreparable harm in a case raising similar issues, *KalshiEX, LLC v. Hendrick*, No. 2:25-cv-00575-APG-BNW, 2025 WL 3286282 (D. Nev. Nov. 24, 2025). (ECF No. 50 at 15.) The Court agrees with the Board and finds that the final *Nken* factor does not favor granting a stay.

In sum, the Court finds that Polymarket has not made a showing as to the relevant *Nken* factors that would warrant such "an intrusion into the ordinary processes of administrative and judicial review." *Nken*, 556 U.S. at 427 (internal quotation marks and citations omitted). The Court thus denies Polymarket's Motion.

### III.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Polymarket's motion for stay pending appeal (ECF No. 46) is denied.

It is further ordered that this case is remanded to the First Judicial Court of Nevada, Carson City. However, the Clerk of Court is directed not to mail this order to the First Judicial Court of Nevada, Carson City until April 6, 2026 in light of the Court's order granting the parties' stipulation. (ECF No. 47 at 4.)

The Clerk of Court is directed to close this case.

DATED THIS 12th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE